**Khalil Ahmad ALLAVI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71423.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Khalii Ahmad Allavi, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM **

Khalil Ahmad Allavi, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming, without opinion, an immigration judge's denial of his second motion to reopen his removal proceedings. Because the BIA affirmed the IJ's denial of Allavi's second motion to reopen without a separate opinion, we review the IJ's decision for an abuse of discretion. *See Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252. *Id.* We deny in part and grant in part the petition for review.

■ The IJ did not abuse her discretion in denying Petitioner's motion to seek reopening to apply for relief under the Convention Against Torture ("CAT") because Petitioner failed to file the motion to reopen before June 21, 1999, *see* 8 C.F.R. § 208.18(b)(2)(I), and failed to establish a prima facie case for withholding of removal under the CAT, *see* 8 C.F.R. § 208.18(b)(2)(ii), because he did not demonstrate that it is "more likely than not" that he would be tortured if removed to Afghanistan. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

■ The IJ did abuse her discretion in denying Petitioner's motion to reopen with regard to his ineffective assistance of counsel argument. Although it was filed outside the 180-day period for motions to reopen due to "exceptional circumstances," that period may be equitably tolled by a showing of ineffective or deceptive legal representation. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001). Here,

Petitioner has shown that his former counsel's performance may have prejudiced his opportunities for immigration relief. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003). Therefore, we remand under *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to permit the BIA to conduct further proceedings related to Petitioner's motion to reopen as to his ineffective assistance of counsel claim.

We lack jurisdiction to consider the IJ's refusal to exercise her discretionary power to reopen under 8 C.F.R. § 3.2(a) (2002) for "exceptional circumstances." *See Ekimian v. INS*, 303 F.3d 1153, 1158–60 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part, and GRANTED and REMANDED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

